IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE D. JORDAN,<br><br>    Petitioner,<br><br>  vs.<br><br>WILLIAM MUNIZ, Acting Warden,<br>Salinas Valley State Prison,<br><br>    Respondent. | No. 2:12-cv-03049-JKS<br><br>ORDER<br>[Re: Motions at Docket Nos. 50, 52] |

  On November 26, 2014, this Court denied Maurice D. Jordan, a state prisoner proceeding *pro se*, habeas corpus relief and also denied a certificate of appealability. Docket Nos. 48, 49. On December 10, 2014, Jordan timely filed with this Court a notice of appeal. Docket No. 41. On the same day, Jordan filed with this Court a motion for a certificate of appealability. Docket No. 52. Because this Court has already denied Jordan habeas relief as well as a certificate of appealability, it appears that Jordan inadvertently filed his motion for a certificate of appealability with this Court rather than the Court of Appeals.

  Jordan also requests the appointment of counsel to represent him in his "habeas corpus case in this Court." Docket No. 50. While this Court is not unmindful of the plight of unrepresented state prisoners in federal habeas proceedings, there is no constitutional right to counsel in federal habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)). Appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary hearing. *See* Rules Governing Section 2254 Cases in the U.S. District Courts, Rule 6(a), 8(c). This Court may under the Criminal Justice Act appoint counsel in this case if it

determines that the interests of justice so require.  28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.").  Because this case has been fully briefed and adjudicated on the merits, and the Court determined that no certificate of appealability should be granted, this Court does not so determine.

**IT IS THEREFORE ORDERED THAT** the Clerk of Court is directed to transfer Jordan's Motion for a Certificate of Appealability at Docket No. 52 to the Ninth Circuit Court of Appeals.

**IT IS FURTHER ORDERED THAT** the Motion for Appointment of Counsel at Docket No. 50 is **DENIED**.

Dated: December 18, 2014.

        /s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge